UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRIBUTORS ASSOCIATION WAREHOUSEMEN'S PENSION TRUST AND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOREIGN TRADE ZONE 3, INC.,<br><br>Defendant.<br>_____/ | No. C-05-1161 SBA (WDB)<br><br>**ORDER FOR SUPPLEMENTAL INFORMATION RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On November 7, 2005, the court conducted a hearing in connection with plaintiffs' Motion for Default Judgment. As stated on the record, the court requested supplemental briefing with respect to the following issues.

**By Friday, November 18, 2005,** plaintiffs must file with the court and serve on defendant supplemental submissions addressing the following issues.

1. Plaintiffs's counsel confirmed on the record that monthly contributions are "due" on the <u>last day of the month following the month in which the covered employees completed the covered work</u>. The governing collective bargaining agreement states that the employer is deemed "delinquent" "on the thirtieth [30th] day after any payment is <u>due</u>." McKenzie Decl., at Ex. A (§ 9.05) emphasis added. As written, the CBA indicates that an employer is <u>not</u> "delinquent" until <u>thirty days *after* the last day of the month following the month</u>

1

1  <u>in which the covered employees completed the covered work.</u>  Under this
2  interpretation of the CBA, contributions for work conducted in August would be
3  <u>due</u> September 30th.  However, if the employer paid those contributions at any
4  time <u>before</u> October 30th the employer would <u>not</u> be "delinquent" and therefore
5  would not be subject to liquidated damages.

6       Plaintiffs' counsel represented that it is their understanding that the CBA, as
7  written, does not accurately capture the terms actually followed by the parties.
8  Plaintiffs contend that contributions are delinquent on the *first* day after the last
9  day of the month following the month in which the covered employees completed
10  the covered work.  Under this scenario, contributions for work conducted in
11  August would be delinquent if unpaid on October 1st.  <u>Plaintiffs must confirm that
12  this is their actual understanding about the terms of the CBA and that the parties
13  have been operating pursuant to this interpretation since the inception of the CBA.</u>

14      2.    Plaintiffs will set forth the bases for their position that defendant
15  remains bound by the terms of the CBA despite the fact that he has been kicked
16  out of IEDA.

17      3.    Plaintiffs will submit evidence that the parties to the CBA made a
18  good faith effort to forecast the amount of damages that would be occasioned by
19  an employer's failure to pay contributions in a timely manner when the parties
20  determined the applicable liquidated damages rates.

21      4.    Plaintiffs' counsel stated on the record that interest on delinquent
22  contributions did not begin running until plaintiffs filed their lawsuit.  Plaintiffs
23  will confirm that the interest calculation plaintiffs submitted to the court does not
24  begin charging interest until the date the lawsuit was filed.

25      5.    Plaintiffs may submit supplemental information in support of their
26  request that certain attorneys' time be awarded at the rates of $425/hour and
27  $300/hour.

28

1      6.    Plaintiffs agreed to reduce the rate at which they billed for paralegal time from $125/hour to $95/hour.

    7.    Plaintiffs will explain the billing entries by Mr. Schwartz described as "draft answers" and "draft answer." See Chavkin Decl., at Ex. C (entries for 3/14/05 and 3/15/05).

    8.    Plaintiffs will identify those costs incurred in connection with their motion to strike, (*e.g.*, costs for photocopies, postage, filing costs).

    9.    Plaintiffs will explain the following costs: "Attorney's Diversified Services for filing documents with Court" and "Overnight delivery expense."

    10.    If plaintiffs choose to pursue post-judgment interest at this juncture they must submit legal authority establishing that they are entitled to such interest and legal authority supporting the rate at which such interest accrues.

    11.    Plaintiffs must identify the provision in the CBA that entitles plaintiffs to obtain an audit.

    12.    Plaintiffs seek an order compelling defendant to post a bond. Counsel for plaintiffs indicated that defendant has received notice that plaintiffs is seeking <u>such an order</u> in this action. Plaintiffs have <u>not</u>, however, submitted evidence that would support a finding that plaintiffs have submitted a "written notice to [defendant] requesting the posting of such a bond." McKenzie Decl., at Ex. A (§9.08). Pursuant to the CBA, defendant has five days following such a notice in which to comply.

Plaintiffs must submit evidence that they sent defendant a notice <u>requesting that it post a bond</u>.

If plaintiffs have not made a written request directly to defendant directing it to post a bond <u>and</u> plaintiffs continue to seek an order from this Court compelling defendant to post such a bond, <u>then plaintiffs must immediately deliver to defendant a written notice directing it to post such a bond within five days in</u>

3

compliance with §9.08 of the CBA.  In their November 18th submissions plaintiffs must state whether the five days has elapsed and if so whether defendant has complied.

**The Court ORDERS plaintiffs to serve a copy of this order on defendants immediately.**

IT IS SO ORDERED.

Dated: November 7, 2005

/s/  Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
Plaintiffs with direction to serve defendant,
SBA,  wdb, stats