**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DISTRIBUTORS ASSOCIATION WAREHOUSEMEN'S PENSION TRUST AND DISTRIBUTORS ASSOCIATION PENSIONERS HOSPITAL AND MEDICAL TRUST FUND,<br><br>    PlaintiffS,<br><br>  v.<br><br>FOREIGN TRADE ZONE 3, INC.,<br><br>    Defendants. | No.  C 05-1161 SBA<br><br>**ORDER**<br><br>[Docket No. 64] |

This matter came on for hearing on March 24, 2009, on Plaintiffs' Motion for Enforcement of 12/21/05 Order and Judgment.  Plaintiffs appeared by counsel and Defendants did not appear. Defendants, to date, have never appeared in this action.

Having considered the written submissions and oral argument, the Court, for the reasons given below, GRANTS the Motion for Enforcement.  The Court also sets the matter for an ORDER TO SHOW CAUSE why the Court should not hold the defendant in civil contempt and why it should not grant the further relief requested by Plaintiffs.

**BACKGROUND**

**I.    Pre-judgment.**

Defendant Foreign Trade Zone 3 is an employer who, under the terms of a Collective Bargaining Agreement (CBA), has an obligation on behalf of employees to pay into the Plaintiffs' Pension and Medical Trust (Trusts). On March 21, 2005, Plaintiffs brought suit against Defendant under the Employment Retirement Income Security Act (ERISA),.  [Compl. ¶ 23].  Plaintiffs alleged, inter alia, that Defendant repeatedly failed to make the required contributions to the Trusts. [Compl., ¶ 16].  Defendant having failed to appear and answer, the plaintiffs obtained an entry of default on July 1, 2005.  [Docket No. 29].  Upon Plaintiffs' motion for entry of default judgment, the

1  matter was referred to Magistrate Judge Brazil for Report and Recommendation, who recommended
2  the Court (1) enter judgment for delinquent contributions, interest at the rate of 12%, and liquidated
3  damages at the contractual rate, for a total of $27,029.75; (2) enter an order compelling Defendant to
4  submit to an audit; (3) enter an order compelling Defendant to perform and continue performing its
5  obligations under the CBA; (4) enter an order compelling Defendant to post a bond in the amount of
6  $6,956.28 pursuant to Section 9.08 of the CBA; and (5) enter judgement for attorneys' fees and costs
7  in the amount of $26,549.82.  [Brazil Report, p. 21].  The Court adopted the Magistrate Judge's
8  Report and Recommendations and entered an Order and Judgment on December 21, 2005.  [Docket
9  No. 53-54].

10  **II.     Post-Judgment**.

11        Defendant performed its obligations under the CBA December 2007, when it made a
12  payment that was applied to delinquent contributions owed for June, July, and August 2007.
13  [McKenzie Decl., ¶ 7].  To date, no other payments have been made.  Plaintiffs represented to the
14  Court that Defendant may be going out of business but were unable to confirm this at the hearing.
15  Plaintiffs, by this motion for post-judgment enforcement, filed on February 13, 2009, contend
16  Defendant currently owes $39,345.76 to the Trusts based on the hours its employees worked from
17  September 2007 to December 2008, $3,502.64 in interest on the unpaid contributions as of February
18  2009, $7,869.15 in liquidated damages, and $17,052.00 for attorneys' fees and costs.
19        Plaintiffs seek an order holding Defendant in contempt of Court and ordering Defendant to:
20  (1) submit reports of the hours its bargaining unit employees worked each month; (2) pay the
21  contributions, liquidated damages, interest, and attorney's fees and costs owed to date; and (3)
22  perform under the CBA. [Motion to Enforce, 2:7-2:11].  Plaintiffs also seek a writ of attachment to
23  attach Defendant's last known bank account.  [Motion to Enforce, 2:11-2:12].  Plaintiff purportedly
24  served Nancy Porter, a representative of Foreign Trade Zone 3, with this motion on February 13,
25  2009.

26  **LEGAL STANDARD**

27        Federal Rules of Civil Procedure 70 provides relief for judgment creditors who need court

28

assistance to enforce a judgment requiring the performance of a specific act by the judgment debtor.

Rule 70(c) provides, "[o]n application by a party entitled to performance of an act, the clerk must issue a writ of attachment or sequestration against the disobedient party's property to compel obedience." Rule 70(e) permits a court to hold the disobedient party in contempt.

Furthermore, "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The standard for finding a party in civil contempt is well settled: "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In Re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).

**DISCUSSION**

The Plaintiffs have demonstrated by clear and convincing evidence that Foreign Trade Zone 3 has violated the specific and definite order of this Court to perform its payment obligation and reporting obligations as established by the terms of the CBA. Defendant has failed to make contributions to the Trusts based on the hours its employees worked from September 2007 to December 2008, and failed to provide documentation of its bargaining unit employees' work hours. These obligations arise from the CBA, performance of which was ordered by the Court on December 21, 2005. Consequently, the Court may exercise its inherent power to enforce compliance with its orders through civil contempt. *In Re Bennett*, 298 F.3d at 1069.

The burden now shifts to Foreign Trade Zone 3 to demonstrate why it was unable to comply. *Id*. Defendant failed to respond to Plaintiffs' motion and failed to appear at the hearing on the motion on March 24, 2009. However, because Plaintiffs represented to the Court that Defendant may be going out of business, and Plaintiffs had not had any direct contact with either an agent of the Defendant or counsel for the Defendant, the Court is unwilling to hold Defendant in contempt without providing a further opportunity for it to be heard. The Court HEREBY ORDERS Defendant to SHOW CAUSE why it was unable to comply with the Judgment of 12/21/05 and why the Court should not grant the writ of attachment to enforce the judgment, as requested by Plaintiffs, and

1  award attorneys' fees and costs for bringing the Motion for Enforcement of the Court's 12/21/05
2  Order.

## CONCLUSION

For the foregoing reasons, the Plaintiffs are HEREBY ORDERED to serve a copy of this Order, the Motion for Enforcement of the Court's 12/21/05 Order and supporting papers on Defendant **on or before March 31, 2009**.  Plaintiffs must file a proof of service by **no later than 5:30 p.m., March 31, 2009.**

IT IS FURTHER ORDERED that Defendant shall file and serve any opposition to Plaintiffs' Motion for Enforcement of the Court's 12/21/05 Order **on or before April 2, 2009.** Plaintiffs may file and serve a reply by no later than **April 3, 2009.**

The Order to Show Cause hearing is set for **Tuesday, April 7, 2009 at 1:00 p.m.**  If any of the parties wishes to modify the briefing schedule or the hearing date, they may submit such a request to the Court demonstrating good cause for such modification.

IT IS SO ORDERED.

Dated: 30/09

SAUNDRA BROWN ARMSTRONG
United States District Judge