**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DISTRIBUTORS ASSOCIATION WAREHOUSEMEN'S PENSION TRUST AND DISTRIBUTORS ASSOCIATION PENSIONERS HOSPITAL AND MEDICAL TRUST FUND,<br><br>    Plaintiffs,<br><br>  v.<br><br>FOREIGN TRADE ZONE 3, INC.,<br><br>    Defendants. | No.  C 05-1161 SBA<br><br>**ORDER**<br><br>[Docket Nos. 64, 72] |

This matter came on for hearing on April 7, 2009, on the Court's Order to Show Cause why the Court should not hold Defendant Foreign Trade Zone 3, Inc. (FTZ) in civil contempt and why it should not grant Plaintiff's request for a writ of attachment and other relief requested in its Motion for Enforcement of the Court's 12/21/05 Order.  For the reasons given below, the Court GRANTS the Plaintiffs' motion in its entirety.

On March 30, 2009, the Court granted, in part, Plaintiff's motion for enforcement[1] of the 12/21/05 Order, finding that the defendant, pursuant to the Judgment and Order of 12/21/05, had failed to perform its obligations under the collective bargaining agreement and was several months delinquent in paying contributions to the Trusts.  The Court further found that FTZ had failed to perform its obligation to submit monthly reports of the hours worked by its employees who are covered under the collective bargaining agreement.

 However, the Court indicated it was unwilling to hold the defendant in contempt and issue the requested writ of attachment without providing defendant with a further opportunity to be heard.  The defendant was ordered to show cause why it was unable to comply with the Judgment of 12/21/05 and why the Court should not grant the writ of attachment to enforce the judgment, as

---

[1] The motion was filed February 13, 2009.

requested by Plaintiffs, and award attorneys' fees and costs for bringing the Motion for Enforcement of the Court's 12/21/05 Order.  A hearing on the order to show cause was set for April 7, 2009, and the defendant was ordered to file any response by April 2, 2009.  The defendant was properly served with the plaintiff's motion and the Court's Order to Show Cause.

In spite of being given notice and the opportunity to be heard, the defendant did not file an opposition to the motion, or otherwise respond to the Court's OSC.  Defendant did not appear for the hearing on the OSC.

The Court has the discretion to enforce compliance with its lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  Furthermore, Federal Rule of Civil Procedure 70(e) also permits a court to find a non-obedient party in contempt. The standard for finding a party in civil contempt is well settled.  The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *In Re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).  Generally, a violation is shown by the party's "failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006).  Willfulness is not an element of contempt. *Id*. The burden then shifts to the contemnor to demonstrate why it was unable to comply.  A present inability to comply is a complete defense to civil contempt.  *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir.1996) (per curiam). Should a court find a party in contempt, it has discretion in deciding whether to impose sanctions. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986).

Plaintiffs, through their written submissions and at argument at the hearing on March 24, 2009, demonstrated by clear and convincing evidence that Defendant was in violation of  the specific and definite Court Order of December 21, 2005.  The defendant, who had been complying with the Court's 12/21/05 order until December 2007, simply stopped making contributions, in spite of its court-ordered obligation to perform under the terms of the collective bargaining agreement.

2

Defendant also stopped reporting the hours worked by eligible employees. Defendant had notice of the pleadings and the Order to Show Cause, and did not respond in any way to either one of them. As a result, not only has the defendant failed to rebut the plaintiff's clear and convincing evidence of its noncompliance with the 12/21/05 Order, but Defendant also has violated the Court's specific and definite Order to Show Cause. For these reasons, the Court finds Defendant FTZ in civil contempt and exercises its discretion to impose a sanction to compensate Plaintiffs for attorney's fees and costs incurred in enforcing their rights under the 12/21/05 Order and Judgment.

The Court HEREBY ORDERS the following:

1. Defendant is held in civil contempt for violating the Court's December 21, 2005 Order by failing to perform its obligations under the collective bargaining agreement and pension agreement with Warehouse Union Locals 6 and 17, ILWU that is effective June 1, 2007 to May 31, 2010.

2. Defendant is ordered to make immediate payment to the Trusts in the amount of $50,717.56 for principal contributions, liquidated damages, and interest due as of February 13, 2009 plus any additional contributions, liquidated damages, and interest that have become due after February 13, 2009 and through the date of FTZ's satisfaction of this order.

3. Defendant is further ordered to reimburse the Trusts for the attorney's fees and costs the Trusts have incurred in enforcing their rights under the 12/21/05 Order and Judgment and the CBA. As of February 13, 2009, this amount is $17,052.00.

4. The Court hereby issues a writ of attachment against FTZ's Bank of the West account, account number 042124990, for a total of $67,769.56, as of February 13, 2009, plus any additional contributions, liquidated damages, interest, and attorney's fees and costs incurred as of the date of this Order, so that the Trusts can satisfy the debt owed by FTZ for the amounts FTZ is ordered to pay.

5. FTZ is further ordered to perform and to continue to perform its obligations under the collective bargaining agreement.

1  IT IS SO ORDERED.

2  Dated: 4/9/09                                     _____
3                                                    SAUNDRA BROWN ARMSTRONG
                                                     United States District Judge

4